The opinion of the Court was delivered by
Poché, J.
Plaintiff claims of the Citizens’ Bank $1,260, as an alleged overcharge on the commission for the collection of a large amount of Havana lottery tickets which had won prizes, on which plaintiff had borrowed sundry sums of money from the defendant, and which he had authorized and instructed the Bank to collect for him in Havana.
Alleging that the customary rate of commission on such collections in Havana is .one-half of one per cent., and that in these transactions he was charged a commission of 2-J per cent., which ivas retained before remittance of bis funds, he prays for judgment of 2 per cent, on the amount collected for him, on which the 2i per cent, commission was charged.
The defense is that the commission charged was not received by the Bank, but was charged and retained by its correspondent in Havana, to whom the collection had been entrusted by the defendant, under its contract with plaintiff, who had not in his agreement with the Bank fixed any rate of commission or in any way restricted such charges to any specified rate.
The judgment of the lower court recognized plaintiff’s claim, and the defendant has appealed.
The record shows that plaintiff, as the holder of a large amount of Havana lottery tickets which had won prizes, entered into a double contract with the Citizens’ Bank, under which he obtained loans of money on pledging bis tickets to the Bank, and under which he entrusted the Bank with the collection of the pledged tickets in Havana. On receiving the return of sale of the first consignment, *1208 plaintiff and defendant were both astonished to discover that the Bank’s correspondent in Havana had charged and retained a commission of2i por cent, on the amounts collected by him, and the Bank thereupon ceased to send any further collection to that agent, and had the balance of plaintiff’s tickets collected by a house in this city on a stipulated commission of one-half of one per cent.
There is a serious conflict, in the evidence on the point of the rate of commission to be charged for the collection of the tickets, in the contract between Masich and the Citizens’ Bank.
Plaintiff and one of his witnesses contend that, the agreement stipulated the customary commission, known to the defendant t.o be onelialf of one per cent.; and the officers of the Bank are as positive in their denial of such an agreement, and in their assertion that they were ignorant of the accustomed rates of commission prevailing in Havana on such collections.
Recognizing- the difficulty which we experience in reconciling the conflicting testimony of witnesses of the highest respectability, we shall avoid an expression of opinion as to which of the two versions should be adopted, and we shall assume for the purposes of this case; that the agreement contained no stipulation fixing or determining any rate of commission.
Under the law and jurisprudence, as well as by the force of well established usages of trade and commerce, the obligation of the Bank under its contract was to effect the collection of plaintiff’s values in the most expeditious manner and under the most reasonable and most favorable terms. Under the legal obligations of its agency the Bank was undoubtedly held to a careful and prudent administration of its princip.al’s interests and affairs. Hence results the obligation to have secured the services of a prudent and reliable sub-agent, and to have ascertained in advance the rate of his charges for collection of this particular kind or description of securities, and t.o have provided with certainty that his charges would not exceed the rates established as usual and customary on that market.
We are clear in our conviction that the proper and legal course for the Bank, before making any consignment of plaintiff’s values to its correspondent in Havana, without advice restricting his rate of charges, was to have done what it subsequently did, after its experience with the Havana merchant, and to have ascertained, as it did subsequently, at what rate the collections could be made. It is in evidence that the New Orleans house which made the collection of the last tickets at the rate of one-half of one per cent., would Lave been willing, if entrusted with the collection of all of plaintiff’s tickets, *1209 amounting to $150,000 Spanish currency, of prizes, to have undertaken the collection on a commission of one-quarter of one per cent.
It. is therefore very clear that, had the Bank begun its administration of this business with the same prudence and skill with which it handled the last transaction, plaintiff would have sustained no losses and this suit would never have been heard of.
Although the testimony touching the, customary commission charged in Havana for the collection of such securities is somewhat conflicting, the preponderance of evidence satisfies us that, the charge made in this case is unusual, unreasonable and exorbitant, and that the usual commission for the collection of lottery prizes is similar to that prevailing for the collection of sight drafts and other 'commercial paper, and is fixed among merchants and banking houses at one-lialf of one per cent.
In his testimony in this case, the very merchant who charged the commission complained of, says that in other collections of the same kind "of values he had charged less than on this occasion, because, the other collections were of small amounts, and because the responsibility was less.
The New Orleans house and most, of collecting agencies take an entirely different view and, as a rule, decrease the rate of commission in proportion to the increased amount of collections made for the same person. As all agents are responsible for the acts of their sub-agents, we conclude that the defendant is and must be held responsible for the overcharge of commission made by its correspondent or agent in Havana, in the collection of values entrusted by plaintiff t,o the Bank.
The greater part of the brief presented by defendant’s counsel is devoted to the proposition that in its contract with pflaintiff, the Bank had made no stipralation touching the rate of commission on collections of lottery prizes in Havana, of which its officers were avowedly ignorant., and that pflaintiff was understood to have taken all the risks of such charges.
This view is conceded by plaintiff and has been assumed as correct by us; but. it cannot alter or modify the responsibility of the Bank in its undertaking as agent., to collect through an agent of. its own selection the values which it held in pledge, and for which it was responsible, to plaintiff.
Judgment affirmed.